IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LEVORY W. HICKMON, SR.,**

    **Plaintiff,**

vs.　　　　　　　　　　　　　　　　　　　Case No. 4:07cv184-MP/WCS

**JUDGE OF THE NINTH
JUDICIAL CIRCUIT,**

    **Defendant.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Liberty Correctional Institution, has filed a pleading entitled, "petition for writ of mandamus," doc. 1, and an *in forma pauperis* motion, doc. 2.  The petition, which is for present purposes construed as a civil complaint, indicates that Plaintiff is complaining about the processing of a civil action in Orange County, Florida.  Doc. 1.  The only Defendant named is a judge, who Plaintiff contends has failed in his or her duties to "immediately dispose of matters before" that court.  *Id.*  Plaintiff contends he has a clear legal right to be transported to Orange County where his case is pending so that he can prosecute that civil action.  *Id.*

Judicial notice is taken that Plaintiff has been labeled a "vexatious litigant" in the United States District Court, Middle District of Florida.  Plaintiff has filed approximately

twenty-five cases in the Middle District and in a recent case (6:06cv1365), the report and recommendation entered by Magistrate Judge James Glazebrook noted that Plaintiff had been enjoined from filing any *pro se* complaint unless he was in danger of serious physical injury.  Doc. 2. of case 6:06cv1365 (citing to *Hickmon v. Lawshe, case 6:06cv772).*  Judicial notice is taken that Plaintiff has accumulated at least three "strikes" in the Middle District.  In case 6:06cv772, Plaintiff was denied *in forma pauperis* status and his case was dismissed as frivolous.  In the report and recommendation entered in that case, it was noted that Plaintiff had nine actions dismissed for failing to state a claim or as frivolous.  Doc. 5 of case 6:06cv772.  Five of his case were dismissed based on the three strikes provision of 28 U.S.C. § 1915(g).[1]  Thus, Plaintiff is not entitled to proceed *in forma pauperis* in the federal courts pursuant to 28 U.S.C. § 1915(g).

Review of Plaintiff's cases in the Middle District reveal Plaintiff is well aware that he has more than three "strikes" under § 1915(g) and is precluded from proceeding *in forma pauperis* in this civil case.  Plaintiff knows full well that he is barred from obtaining *in forma pauperis* status in the Middle District, and he is now advised that he is barred in the Northern District as well.

The instant case also lacks merit.  Well established law provides that prisoners have no constitutional right to remain in, or be transferred to, a particular prison or jail.

---

[1] This statute provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Meachum v. Fano, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); Montayne v. Haymes, 427 U.S. 236, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976).  Plaintiff also does not need to be physically located in Orange County to litigate a civil case there.  Finally, this Court lacks authority to issue a writ of mandamus compelling a state court judge to take any particular action in providing a transfer to Plaintiff.  Not only is Plaintiff's claim in this case frivolous, but the allegations do not bring Plaintiff within the "imminent danger" exception for proceeding with *in forma pauperis* status.  28 U.S.C. § 1915(g).  Therefore, Plaintiff's motion for *in forma pauperis* status, doc. 2, must be denied, and this case must be dismissed.  Should Plaintiff desire to file any further civil cases in the federal courts, Plaintiff must simultaneously submit the full amount of the filing fee.  *See* Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's *in forma pauperis* motion, doc. 2, be **DENIED**, and Plaintiff's complaint, doc. 1, be **DISMISSED** because Plaintiff is barred by 28 U.S.C. § 1915(g) from initiating a civil rights case in federal court without full payment of the filing fee at the time he submits the complaint.

**IN CHAMBERS** at Tallahassee, Florida, on April 25, 2007.

     s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:07cv184-MP/WCS